## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

WILLIAM TYRELL HEYWARD BEY,

        Plaintiff,

   v.

CHANEL JOHNSON, *et al.*,

        Defendants.

Case No. 19–cv–15588–ES–ESK

REPORT AND
RECOMMENDATION

**KIEL**, U.S.M.J.

**THIS MATTER** is before me on the motion of defendants Chanel Johnson and Ronald Fusco (collectively, Defendants) for an order dismissing plaintiff William Tyrell Heyward Bey's amended complaint pursuant to Federal Rule of Civil Procedure (Rule) 37 for failure to provide discovery and comply with the Court's Order of November 12, 2020 (Motion).  (ECF No. 30.)  The Motion was filed on December 17, 2020 (*id.*) and set for January 19, 2021 (Clerk's entry after ECF No. 30).  Plaintiff did not file any opposition to the Motion.  For the following reasons, I recommend the Motion be **GRANTED**.

## BACKGROUND AND PROCEDURAL HISTORY

### I.    MOTIONS TO DISMISS

Plaintiff filed the complaint in this matter on July 17, 2019.   (ECF No. 1.) Defendants filed a motion to dismiss the complaint on August 26, 2019.   (ECF No. 5.)   District Judge Esther Salas granted the motion to dismiss on February 27, 2020, noting the following:

> [T]he allegations set forth in the Complaint are limited. Plaintiff alleges that on April 21, 2019, at approximately 2:07 a.m., Plaintiff was "unlawfully stopped, detained, and assaulted" by the Defendants.   He further alleges

that the Defendants unlawfully seized his car, and that
Defendant Johnson proffered numerous tickets and
citations containing false information.  Plaintiff also
alleges that he immediately went to JFK Hospital to
receive treatment following the Defendants' attack and
assault.   These assertions form the basis of Plaintiff's
claims that the Defendants have violated (i) the "Treaty
of Peace and Friendship sealed by the Emperor of
Morocco June 23, 1786," ("Moroccan Treaty") and (ii)
various provisions of the Constitution, including Article
IV, Section 4; Article VI, and the First, Fourth, Fifth,
and Eighth Amendments.  Even after taking into
account Plaintiff's status as a *pro se* litigant, Plaintiff
fails to state a claim upon which relief can be granted.
While Plaintiff provides some facts about what occurred
on April 21, 2019, Plaintiff does not sufficiently allege
how those facts, and more specifically how Defendants'
actions, lead to a violation of his Constitutional rights or
the Moroccan Treaty.  Thus, the Court will grant
Defendants' motion to dismiss, but allow Plaintiff leave
to amend the Complaint.

(ECF No. 15 pp. 2–3 (internal citations omitted).)

Rather than file an amended complaint, on March 27, 2020, plaintiff filed
a document titled "motion to reopen case," which attached a first amended
complaint.  (ECF No. 17.)   Judge Salas entered an Order on April 17, 2020
deeming the first amended complaint timely filed.   (ECF No. 20.)

Defendants filed a motion to dismiss the amended complaint on May 8,
2020.  (ECF No. 21.)   According to Defendants, plaintiff failed to rectify the
deficiencies noted in Judge Salas's decision dismissing the original complaint (ECF
No. 15), because the amended complaint "reads almost identical to the initial
complaint."  (ECF No. 21-1 p. 3.)   Defendants also argued that the amended
complaint "is still devoid of the necessary pleading requirements to properly notice
Defendants of any alleged wrongdoings."  (*Id.* p. 4.)   Plaintiff opposed the motion
to dismiss the amended complaint.  (ECF Nos. 22–24.)   While the motion to
dismiss was pending (ECF No. 21), Defendants filed the present Motion on
December 17, 2020 (ECF No. 30).

## II.    DISCOVERY ORDERS

Magistrate Judge Michael A. Hammer entered a pretrial scheduling order on November 4, 2019, which called for fact discovery to conclude on June 30, 2020. (ECF No. 12 ¶ 2.)    On November 2, 2020, Defendants filed a letter advising the Court of the status of discovery.    (ECF No. 25.)    Defendants had served written discovery demands on plaintiff on February 13, 2020.    (*Id.* p. 1.)    Defendants had also written a letter to plaintiff on September 21, 2020 "in good faith … requesting [plaintiff's] response to Defendants' discovery demands," but plaintiff also failed to respond to the letter.    (*Id.*)    I scheduled a telephone conference for November 12, 2020 to discuss the discovery issues raised in Defendants' letter.    (ECF No. 26.) On November 10, 2020, plaintiff filed a letter requesting an adjournment of the conference for 60 days "so [he would] have enough time to get all [of his] legal paperwork ready for the conference hearing."    (ECF No. 27.)    I denied plaintiff's request to adjourn the conference.    (ECF No. 28.)

The telephone conference proceeded, on the record, on November 12, 2020. (Minute entry after ECF No. 29.)    During the conference, plaintiff advised he did not respond to Defendants' discovery requests because he believed Defendants had failed to respond to his amended complaint.    I advised plaintiff that the second motion to dismiss was the response to his amended complaint.    Further, plaintiff advised that he no longer had Defendants' discovery requests and requested another copy.    I confirmed plaintiff's email and mailing addresses, on the record, and directed Defendants' counsel to send copies of the requests to plaintiff. Defendants' counsel confirmed the copies would be delivered to plaintiff. Additionally, I entered an order on November 12, 2020 (Order), directing plaintiff to respond to the requests by December 14, 2020, and scheduling a telephone status conference for January 5, 2021.    (ECF No. 29.)    The Order granted Defendants leave "to file a motion to dismiss or for any other appropriate relief if plaintiff fails to respond to [Defendants'] discovery requests[.]"    (*Id.* ¶ 2.)

### III.  MOTION TO DISMISS FOR FAILURE TO RESPOND TO DISCOVERY

On December 17, 2020, Defendants filed the Motion, which seeks to dismiss the amended complaint for plaintiff's failure to respond to discovery. (ECF No. 30.)   Plaintiff has not filed opposition to the Motion.

As scheduled in the Order, I held a telephone status conference, on the record, on January 5, 2021.  Plaintiff failed to appear for the conference.[1] However, Defendants' counsel confirmed that he forwarded another copy of Defendants' discovery requests to plaintiff following the telephone conference on November 12, 2020.   Counsel has not received any communication from plaintiff since that conference.

## DISCUSSION AND LEGAL ANALYSIS

### I.    STANDARD

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."   A plaintiff's failure to act—when he knows that doing so will delay the trial—"is sufficient to constitute [a] 'failure to prosecute.'"   *Jiminez v. Aramark Corp.*, No. 07-02758, 2008 WL 2837544, at *3 (D.N.J. July 21, 2008) (quoting *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 875 (3d Cir. 1994)).   It need not be shown that the plaintiff acted affirmatively to delay a proceeding.   *Adams*, 29 F.3d at 875; *Opta Sys., LLC v. Daewoo Elecs. Am.*, 483 F.Supp.2d 400, 404 (D.N.J. 2007).   Moreover, a plaintiff's *pro se* status does not excuse him from complying with the rules of discovery and court orders by which other litigants represented by counsel must abide.   *Jiminez*, 2008 WL 2837544, at *3.

---

[1] My courtroom deputy sent the dial-in instructions for the telephone status conference to the email address provided by plaintiff during the telephone conference on November 12, 2020.

In determining whether dismissal is appropriate under Rule 41(b), I must weigh six factors: "(1) the extent of the *party's* responsibility; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party … was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). All six of the *Poulis* factors must be taken into consideration and, on balance, warrant dismissal. *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 162 (3d Cir. 2003); *Scarborough v. Eubanks*, 747 F.2d 871, 878 (3d Cir. 1984). However, the Court need not find that all six factors are met in order to grant dismissal. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221–22 (3d Cir. 2003); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

## II.   REVIEW OF FACTORS

I find on balance that the *Poulis* factors warrant dismissal under Rule 41(b). The first factor requires an evaluation of "whether the misconduct that occurred is attributable to the party or the party's attorney." *Wortman v. Brown*, No. 05-01411, 2006 WL 1044787, at *2 (D.N.J. Apr. 18, 2006) (citing *Hicks*, 805 F.2d at 156). Here, plaintiff's repeated lapses in discovery are attributable to only himself. *See Clarke v. Nicholson*, 153 F.App'x 69, 73 (3d Cir. 2005) (affirming district court's finding that a *pro se* plaintiff is "directly responsible for her actions and inaction in the litigation); *Solomon v. Atl. City Hilton Casino & Resort*, No. 10-05701, 2013 WL 3070884, at *4 (D.N.J. Apr. 8, 2013), *report and recommendation adopted*, 2013 WL 2445015 (D.N.J. May 7, 2013) (concluding that *pro se* plaintiff became personally responsible for her failure to respond to discovery obligations when plaintiff was given sufficient time to retain counsel, yet did not do so). The first *Poulis* factor favors dismissal.

The second factor requires consideration of the prejudice caused to the adversary, which includes depriving the adversary of necessary information or the

ability to prepare for trial.   *Adams*, 29 F.3d at 874; *Hayes v. Nestor*, No. 09-06092, 2013 WL 5176703, at *4 (D.N.J. Sept. 12, 2013).   Courts have found prejudice to a defendant where the plaintiffs: (1) failed to comply with discovery requests, *see Ware,* 322 F.3d at 222–24; *Hayes*, 2013 WL 5176703, at *4; or (2) hindered attempts to depose them, *see Clarke*, 153 F.App'x at 73 (finding second *Poulis* factor weighs in favor of dismissal where plaintiff failed to appear for deposition).   Without discoverable information from plaintiff and any responses to the discovery requests, which would necessarily precede plaintiff's deposition, Defendants are severely prejudiced and cannot adequately prepare for trial.   The second *Poulis* factor favors dismissal.

The third *Poulis* factor requires consideration of whether plaintiff exhibited a history of dilatoriness throughout the proceeding.   *Poulis*, 747 F.2d at 868.   A history of dilatoriness may be shown by extensive or repeated delay, such as a consistent non-response to interrogatories or a failure to comply with court orders.   *Solomon*, 2013 WL 3070884, at *5; *Opta Sys.*, 483 F.Supp.2d at 405. Here, a history of dilatoriness is present.   Plaintiff failed to respond to Defendants' discovery requests.   When Defendants sought the Court's intervention, plaintiff incorrectly asserted that he did not need to respond to the discovery requests because Defendants had failed to respond to the amended complaint.   I corrected plaintiff's misunderstanding and provided plaintiff an extension to respond to the discovery requests.   (ECF No. 29.)   Plaintiff failed to meet the new deadline to provide his discovery responses.   Plaintiff has also failed to respond to or oppose the Motion.   Finally, plaintiff failed to appear for the telephone status conference on January 5, 2021.   Plaintiff's conduct over the course of this case indicates plaintiff either has abandoned prosecuting this matter or is intentionally delaying its resolution.   Either way, given plaintiff's inaction, the third factor favors dismissal.   *See Solomon*, 2013 WL 3070884, at *5, *Opta Sys.*, 483 F.Supp.2d at 405.

The fourth *Poulis* factor requires consideration of whether a party's conduct was willful or in bad faith.   *Poulis*, 747 F.2d at 868–69.   Willfulness

6

involves intentional or self-serving behavior.  *Adams*, 29 F.3d at 875.  Generally,
"'negligent behavior' or 'failure to move with … dispatch', even if 'inexcusable,' will
not suffice to establish willfulness or bad faith."  *Solomon*, 2013 WL 3070884, at
\*5 (quoting *Chiarulli v. Taylor*, No. 08-04400, 2010 WL 1371944, at \*3 (D.N.J. Mar.
31, 2010)); *see James v. Riordan*, No. 13-01667, 2016 WL 4544336, at \*3 (D.N.J.
Aug. 30, 2016) (finding the plaintiff's inexcusable negligence for failing to prosecute
his case in any meaningful way was insufficient to meet the *Poulis* standard for
willfulness).

      However, "where the record is unclear as to whether a party acted in bad
faith, a consistent failure to obey orders of the court, 'at the very least, renders a
party's actions willful for the purposes of the fourth *Poulis* factor.'"  *Solomon*, 2013
WL 3070884, at \*5 (quoting *Hunt-Ruble v. Lord, Worrell & Richter, Inc.*, No 10-
04520, 2012 WL 2340418, at \*5 (D.N.J. June 19, 2012)).  Here, there is sufficient
evidence to conclude plaintiff's conduct is intentional and willful.  Plaintiff has
repeatedly failed to respond to Defendants' discovery requests.  Previously,
plaintiff mistakenly believed Defendants' alleged failure to respond to the
amended complaint excused plaintiff from participating in discovery.  Plaintiff's
misunderstanding was corrected, and he was ordered to respond to the discovery
requests by December 14, 2020.  Plaintiff failed to meet the new deadline, which
had been extended to accommodate him.  Defendants then filed the Motion.
Despite ample opportunity to oppose, plaintiff has evidently elected to file no
response to the Motion.  Plaintiff also failed to appear for the telephone status
conference on January 5, 2021.  Plaintiff's failures do not appear to be accidental,
but rather, are sufficiently willful under *Poulis* such that the fourth factor favors
dismissal.

      The fifth *Poulis* factor requires a weighing of the effectiveness and
appropriateness of sanctions other than dismissal.  *Poulis*, 747 F.2d at 869.
Available alternative sanctions include warnings, reprimands, and the imposition
of fines and attorney's fees.  *Solomon*, 2013 WL 3070884, at \*5.  These
alternative sanctions are unlikely to be effective because plaintiff "has indicated a

7

desire to abandon [his] case by choosing not to participate in discovery, oppose Defendant's motion to dismiss, or comply with [c]ourt [o]rders." *Porten v. Auto Zone*, No. 10-02629, 2011 WL 2038742, at *3 (D.N.J. May 24, 2011); *see Deslonde v. New Jersey*, No. 09-03446, 2010 WL 4226505, at *3 (D.N.J. Oct. 21, 2010) (concluding that alternative sanctions would be ineffective where plaintiff did not oppose motion to dismiss, and failed to respond and comply with discovery requests and court orders); *Wortman*, 2006 WL 1044787, at *2 (concluding that alternative sanctions would be ineffective where plaintiff blatantly failed to comply with court orders).   Moreover, the Third Circuit has cautioned against imposing monetary sanctions as alternative relief against *pro se* plaintiffs.   *Lee v. Volpe Express, Inc.*, No. 17-00878, 2017 WL 6943399, at *2 (D.N.J. Oct. 20, 2017), *report and recommendation adopted*, 2018 WL 406047 (D.N.J. Jan. 12, 2018) (citing *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002)).   Here, plaintiff has already been warned, reprimanded, ordered to respond to the discovery requests, and advised that Defendants could move to dismiss the amended complaint for his continued failure to respond to the requests.   Those alternative actions have not resulted in compliance.   The fifth *Poulis* factor favors dismissal.

Finally, the sixth *Poulis* factor requires consideration of the meritoriousness of plaintiff's claim.   *Poulis*, 747 F.2d at 869–70.   Judge Salas has already dismissed the original complaint for "fail[ure] to state a claim upon which relief can be granted."   (ECF No. 15 ¶ 4.)   Defendants responded to plaintiff's amended complaint with a second motion to dismiss, which credibly argues that the amended complaint "reads almost identical to the initial complaint."   (ECF No. 21-1 p.5.)   Although I cannot predict the resolution of the second motion to dismiss with certainty, there is a substantial chance it will be granted.   As such, the merits of plaintiff's claims, even after an opportunity to refine the pleadings, remain questionable.   Thus, the sixth factor weighs in favor of dismissal.

Accordingly,

## RECOMMENDATION

I recommend the Motion (ECF No. 30) be **GRANTED** and the amended complaint be dismissed without prejudice.    I also recommend that plaintiff show cause within 30 days of this recommendation's adoption why the amended complaint should not be dismissed with prejudice.    If plaintiff fails to show cause, this matter should be dismissed with prejudice.

_/s/ Edward S. Kiel_

**EDWARD S. KIEL**
**UNITED STATES MAGISTRATE JUDGE**

Date: January 21, 2021